9:17-cv-1010
(DNH)

United States District Court
for the Northern District of New York

Devin Richardson,
    Petitioner,

v.

Rensselaer County Sheriff,
    Respondent.

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
SEP 11 2017
LAWRENCE K. BAERMAN, CLERK
ALBANY

Now comes Petitioner, Devin Richardson, proceeding in pro-se and respectfully moves this honorable court pursuant to 28 USC sec. 2241(c)(3). In that Petitioner contends, that the Federal Bureau of Prisons (BOP), violated his statutory rights under 18 USC sec. 3624(b)(1). When the BOP failed to include into Petitioner's sentence computation, any Good Conduct Time (GCT) credits that he actually earned, when being considered for a sentence reduction pursuant to 18 USC sec. 3621(e)(2)(B).

## Statement of Facts

On August 25, 2015, Petitioner was sentenced to 48 months imprisonment to be followed by 3 years of supervised release, by the US District Court for the District of Vermont. This sentence was ordered to run concurrent, to any undischarged terms of confinement. Initially Petitioner was given a release date, for around or about the summer of 2019. Because the BOP determined that, Petitioner was not entitled to 13 months of pre-sentence custody

page #1

credit. Because he was in the primary custody of New York state authorities, and was credited by state authorities with that time (13 month's). Petitioner initiated administrative proceedings to the contrary, and in July of 2016, Petitioner was awarded the 13 month's of pre-sentence credit against his federal sentence. Establishing a new release date of July 16, 2018 (full term experation date). At this time however, Petitioner was participating in the Residential Drug Abuse Program (R-DAP) and was considered section 3621(e)(2)(B) eligible and given a conditional projected release date of July 16, 2017 (based upon successful R-DAP completion).

On January 17, 2017, Petitioner graduated from the residential portion of the R-DAP, and on February 21, 2017, Petitioner was released from secure detention to the Residential reentry Center (RRC), for Transitional Drug Abuse Treatment (T-DAT) participation. On July 12, 2017, Petitioner's treatment in the T-DAT was extended for 30 day's beyond the section 3621(e)(2)(B) conditional projected release date of July 16, 2017. And on August 1, 2017, Petitioner was expelled from T-DAT, and returned to secure detention. Pursuant to BoP's inmate locator, Petitioner's projected release date is now scheduled for February 5, 2018, because he is no longer section 3621(e)(2)(B) eligible. Upon scrutiny of this new computation, Petitioner realizes that July 16, 2018, is his "full term expiration release date". And February 5, 2018, is Petitioner's "projected release date", considering he meets the requirements of section 3624(b)(1) and earns all GCT credit's. Petitioner understands that, when the BoP projected his release date as July 16, 2017 (based upon the section 3621(e)(2)(B) condition of completing all 3 component's of the R-DAP), they did so from Petitioner's full term expiration release date of July 16, 2018. Without factoring

in any GCT credits, Petitioner had actually earned. Thus violating Federal law.

## Legal Analysis
### Standard of Reviwe

"A writ of habeas corpus under Section 2241 is available to a federal prisoner who does not challenge the legality of his sentence but challenges instead its execution subsequent to conviction". Carmona v. U.S. BOP, 243 F.3d 629, 632 (2d Cir. 2001). A challenge to the execution of a federal inmate's sentence may include "such matters as...computation of a prisoner's sentence by prison officials"... Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(citing Chambers v. U.S., 106 F.3d 472, 474-75 (2d Cir. 1997)(describing situations where a federal prisoner would properly file a section 2241 Petition). Thus, an action challenging the BOP's calculation of a sentence is properly brought under 28 USC sec 2241. See Chambers, 106 F.3d at 474-75.

Petitioner challenge's the computation of his federal sentence by prison officials, in that he contends that, the BOP violated Federal law under 18 USC sec. 3624(b)(1). When the BOP considered and projected a conditional release date pursuant to 18 USC sec. 3621(e)(2)(B), without factoring in any GCT credit's already earned at that point.

### Exhaustion Requirement

The Prison Litigation Reform Act (PLRA): Section 1997e(a)

"no action shall be brought with respect to prison conditions under... any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USC sec. 1997e(a). "Accordingly, the PLRA does not require the exhaustion of all administrative remedies, but only those that are 'available' to the inmate". Hubbs v. Suffolk County Sheriff's Dept, 788 F. 3d 54, 59 (2d Cir. 2015). "To be 'available' under the PLRA, a remedy must afford the possibility of some relief for the action complained of". "Whether an administrative remedy was available to a prisoner in a particular prison or prison system is ultimately a question of law, even when it contains factual elements". The exhaustion requirement for sec. 2241 petitions, however, is prudential, not statutory and may be excused at the Court's discretion. Zucker v. Menifee, 03 Civ. 10071(RJH), 2004 U.S. Dist. Lexis 724, 2004 WL 102779, at 4 (S.D.N.Y. Jan. 21, 2004); Snyder v. Angelini, 07 Civ. 3073 (NGG), 2008 U.S. Dist. Lexis 86460, 2008 WL 4773142 at 2 (E.D.N.Y 2008). Courts excuse failure to exhaust when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a Plaintiff has raised a substantial constitutional question". Beharry v. Ashcroft, 329 F.3d 51, 62 (2d cir. 2003).

Petitioner is a federal Prisoner (halfway return), who is in the custody of the US Marshal Service, being housed at the Rensselaer County Correctional Facility. The grievance procedure at the Rensselaer County Correctional Facility, is separate from that of the BOP. Where the Rensselaer County Correctional Facility

is a Municipality subject to the state of New York Commission of Correction grievance unit. (State sovereign). The Federal Bureau of Prisons Administrative remedy Program, is not available to federal inmate's housed at the Rensselaer county correctional facility. Because federal inmate are not considered, to be in BOP's custody while housed at the Rensselaer county C.F. To pursue a grievance with the NYS Commission of Correction, on an BOP (Federal sovereign) issue would prove futile, in that the relief sought can not be granted. It would prove futile, to seek Administrative relief with the BOP while not in their custody. Judicial recourse would best benefit this situation considering the magnitude of the question presented. And Petitioner's position in limbo, between the two Sovereign's.

### Credit toward service for satisfactory behavior

Good Conduct time (GCT), is governed by 18 USC sec. 3624(b)(1), which states in relevant part:

..."a prisoner who is serving a term of imprisonment of more than 1 year... may receive credit toward the service of the prisoner's sentence... of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations... if the Bureau determined that, during that year, the prisoner has not satisfactorily com-

page #5

plied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section the Bureau shall consider whether the prisoner, during the relevant period, has earned or is making satisfactory progress toward earning, a high school diploma or an equivalent degree"...

According to the BoP, this statute means that "an inmate earns 54 days credit toward service of sentence (GCT) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year". 28 CFR sec. 523.20. Thus, under the BoP interpretation, prisoners accrue 54 days of good conduct time credit for each 365 days of "exemplary compliance with institutional regulations". See Sash v. Zenk, 428 F.3d 132, 135 (2d cir. 2005).

Petitioner contends that, the BoP abused its discretion and violated Federal law under 18 USC sec. 3624(b)(1). In that, the BoP did not take into account any GCT credit's that, Petitioner had already earned. When it (BoP) considered and projected, a conditional release date of July 16, 2017, pursuant to 18 USC sec. 3621(e)(2)(B).

When an inmate begins R-DAP participation, and is found eligible by BoP policy and regulation, to receive a sentence reduction. That inmate is sent a new sentence computation sheet, reflecting such reduction. In Petitioner's case, this re-

duction was for one year, the maximum time allowable. See sec. 3621(e)(2)(B), "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the BoP, but such reduction may not be more than one year from the term the prisoner must otherwise serve". Petitioner fully understands that, this reduction was not set in stone and was based purely upon, the condition of successfully completing every component of the R-DAP. Petitioner further understands that, the BoP enjoys virtually complete discretion in determining whether to award a sentence reduction under Sec. 3621(e)(2)(B), and can deny a sentence reduction even if one successfully complete's every component of the R-DAP. (See. Virgil v. Zickefoose, 2010 US Dist. Lexis 38153) (See also Lopez v. Davis, 531 US 230, 241, 121 S.Ct. 714, 148 L.Ed. 2d 635 (2001) ("upon completion of the R-DAP, the BoP has the authority, but not the duty, to authorize a reduction in the inmate's term of imprisonment."). The BoP's authority in implementation of sec. 3621(e)(2)(B), is not Petitioner's contention at all.

Petitioner asserts that, when he began participation in the R-DAP, on February 24, 2016. He had been in the BoP's custody for well over one year, and should have earned at the very least 47 days of GCT pursuant to sec. 3624(b)(1), (see Barber v. Thomas, 130 S.Ct. 2499, 177 L.Ed. 2d 1 (2010) (explaining the BoP's method in calculating GCT). Therefore, Petitioner vigorously contends and rightfully so that, when his sentence computation was re-computed and actually shown to reflect the reduction pursuant to sec. 3621(e)(2)(B). Federal law mandates that, this reduction and/or projection be made, factoring in any GCT credit's already

earned at that point. In other words, the BoP should have diminished Petitioner's sentence by any GCT credit's earned, and then established any reduction from that point. Anything else is unlawful!

This action by the BoP, has in effect deprived Petitioner in earned GCT credit's, in the absence of any disciplinary issues. A prerequisite to deny, revoke, forfeit, and/or disallow GCT credit's. (See Inmate Discipline and Secure Housing 28 CFR 541. and BoP Program statement # 5270.07)(see also BoP Program statement Good Conduct Time under the Prison Litigation Reform Act # 5884.03). Assuming for argument sake that, Petitioner had been released on the 3621(e)(2)(B) conditional date of July 16, 2017, he would had been solely released pursuant to the provisions of sec. 3621(e)(2)(B). And without the benefit, of any earned GCT credit under sec. 3624(b)(1). In essence Petitioner's GCT credit's, were held in a kind of 3621(e)(2)(B) abeyance. In that, Petitioner's GCT credit's came into play, once he was expelled from the T-DAT. Petitioner has yet to find any authority, authorizing this kind of discretion. The underlining basis of section's 3624(b)(1) and 3621(e)(2)(B), is an reduced term of imprisonment. Petitioner asks this court, can an inmate enjoy the benefit of both statutes simultaneously? And if so why wasn't Petitioner, afford these benefit's.

Finally, had the 3621(e)(2)(B), conditional projected release date of July 16, 2017, been diminished by any GCT credit's that were earned at that point. The entire dynamic of Petitioner's sentence would have been different. Petitioner could have been, released earlier from secure custody to the RRC for T-DAT participation

page # 8

(Petitioner could have been released immediately after he graduated from the residential portion of the R-DAP instead of a month after). Petitioner could have received the 90 day minimum the allowable for T-DAT participation (see BOP Program Statement #7430.02), and would have been released from T-DAT (before being extended or expelled from the T-DAT). The entire dynamic of Petitioner's life, could have been different had the earned GCT credits been taken into account.

WHEREFORE, Petitioner humbly request that this honorable court granted this petition and issue an order to release Petitioner from custody or any other relief this Court deems just and proper.

Dated this 4th day of September, 2017
in Rensselaer County, New York

Sworn to me this 5th day
of Sept. 2017
Araniva

Sandra M Araniva
Notary Public, State of New York
No. 01AR6293986
Qualified in Rensselaer County
Commission Expires December 16, 2017

Devin Richardson
Petitioner Pro-se

Certificate of Service

I, Devin Richardson, Petitioner Pro-se, do hereby certify that I did place in the US mail box located at the Rensselaer County C.F. 4000 Main St. Troy, NY 12180 with first-class postage to the following: Clerk of Court U.S. Dist Court N.D.N.Y. 445 Broadway, Albany, NY 12207

Devin Richardson
Petitioner Pro-se
9-5-17